## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTINA MATALA, | Civil Action No. |
| Plaintiff, | 19-16759 (MCA) (LDW) |
| v. | |
| FIRST AID BEAUTY, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Kristina Matala's Motion to Remand this action to the Superior Court of New Jersey, Bergen County, Law Division. (ECF No. 7). Defendant opposes the motion. (ECF No. 9). The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, the Court recommends that plaintiff's Motion to Remand be **DENIED**.

### I.    BACKGROUND

Plaintiff Kristina Matala was employed as an Operation Coordinator by defendant First Aid Beauty from February 1, 2016 to November 13, 2018. (Compl. ¶ 1, ECF No. 1). Plaintiff alleges that on December 15, 2017, she suffered a work-related injury that required her to take approved medical leave until November 1, 2018. (*Id.* ¶ 6). Plaintiff sought worker's compensation benefits related to her December 2017 workplace injury. (*Id.* ¶ 16). Plaintiff alleges that upon returning to work, her supervisor made "openly hostile, rude and disrespectful" comments about the length of her leave, moved her desk to an isolated area, discarded her work notes, and ridiculed

her work in front of other employees. (*Id.* ¶¶ 7-8). Plaintiff claims that her supervisor's conduct caused her severe emotional distress, and on November 8, 2018, one week after her return, she submitted a note from her psychiatrist indicating that she required additional time off for mental health treatment. (*Id.* ¶ 9). Defendant requested that plaintiff return to work on November 26, 2018, and when she declined, defendant deemed her to have voluntarily resigned. (*Id.* ¶ 13).

On July 16, 2019, plaintiff filed a complaint in the Superior Court of New Jersey, Bergen County, asserting state law claims for (1) retaliation for having sought worker's compensation benefits; (2) hostile work environment in violation of the New Jersey Law Against Discrimination ("NJLAD"); (3) failure to accommodate a disability in violation of the NJLAD; and (4) wrongful termination in violation of the NJLAD. Defendant timely removed the action to this Court on August 15, 2019 on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1). (Notice of Removal ¶ 5, ECF No. 1). Plaintiff now moves to remand pursuant to 28 U.S.C. § 1445(c), arguing that this Court lacks subject matter jurisdiction over cases arising under New Jersey's worker's compensation laws.

## II.    ANALYSIS

A defendant may remove any civil action filed in state court to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). The district court has original jurisdiction over any civil action in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). However, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Consequently, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here,

defendant as the removing party bears the burden of demonstrating that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

As an initial matter, the pleadings establish original jurisdiction based on diversity of citizenship. Plaintiff resides in Saddle Brook, New Jersey, and defendant is a Delaware corporation with a principal place of business in Newton, Massachusetts. (Compl. ¶ 2; Notice of Removal ¶ 8). With respect to the amount in controversy, "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . . the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197. Here, plaintiff seeks compensatory damages for lost income, lost benefits, and severe emotional distress, as well as punitive damages and attorney's fees which are available under the NJLAD, and she has not specifically limited the damages sought to an amount less than the jurisdictional minimum. As a result, it does not appear to a legal certainty that plaintiff cannot recover $75,000. *See Deresky v. B.J. McGlone & Co., Inc.*, Civ. A. No. 14-1930, 2018 WL 3425731, at *5 (D.N.J. July 16, 2018) (finding jurisdictional minimum met, even though plaintiff was unlikely to recover compensatory damages, in light of the availability of prevailing party attorney's fees and punitive damages under the NJLAD); *Goralski v. Shared Techs., Inc.*, Civ. A. No. 09-2461, 2009 WL 2460752, at *5 (D.N.J. Aug. 7, 2009).

Therefore, this case can proceed in federal court unless plaintiff's retaliatory discharge claim arises under the New Jersey Workmen's Compensation Act ("NJWCA") such that removal is prohibited under 28 U.S.C. § 1445(c). "[A] civil action 'arises under' a state's workmen's

3

compensation laws within the meaning of § 1445(c) if the success of the plaintiff's cause of action depends upon a particular interpretation of the workers' compensation laws, or where the state's workers' compensation laws create the plaintiff's cause of action." *Ingram v. DESA*, Civ. A. No. 08-1326, 2008 WL 2246428, at *2 (E.D. Pa. May 30, 2008). Judge Shipp considered this question in *Milko v. International Flavors and Fragrances, Inc.*, Civ. A. No. 15-8291, 2016 WL 8709998 (D.N.J. July 29, 2016), and concluded that a claim for retaliatory discharge under N.J.S.A. § 34:15-39.1 does not arise under the NJWCA for purposes of § 1445(c) because: (1) it does not "implicate a substantial question of worker's compensation law"; and (2) it "was not explicitly provided for in the NJWCA, requires inquiry into fault, and does not depend on the administrative mechanisms or remedies of the NJWCA." *Id.* at *2, *5.

This Court agrees. The Court cannot discern any particular question or interpretation of the NJWCA implicated by plaintiff's retaliatory discharge claim. *See Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994) ("A claim of retaliatory discharge may be adjudicated without any inquiry into the meaning of the workers' compensation laws; the question for decision usually is the employer's motive for adverse action rather than the entitlement to compensation for injury on the job"). Moreover, the NJWCA does not create plaintiff's cause of action. While N.J.S.A. § 34:15-39.1 makes it unlawful "for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim workmen's compensation benefits from such employer," the statute itself does not explicitly create a private right of action. Instead, New Jersey courts recognize "a common law right of action for wrongful discharge based upon an alleged retaliatory firing attributable to the filing of a workers' compensation claim." *Lally v. Copygraphics*, 85 N.J. 668, 670 (1981) (per curiam). *Cf. Spearman*, 16 F.3d at 723 (affirming

removal of retaliatory discharge claim, which "rests on general tort doctrines rather than the contents of the [Illinois] statutes").

In those cases where retaliatory discharge claims have been remanded, the relevant worker's compensation statutes clearly give an employee the right to sue such that the retaliation claim "arises under" the statute. For example, Connecticut's worker's compensation statute provides that any employee who is discharged or discriminated against because he or she has filed a claim for workers' compensation benefits may "[b]ring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge." Conn. Gen. Stat. § 31-290a(b)(1). Accordingly, the Court in *Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp. 2d 186 (D. Conn. 2005) concluded that "plaintiff's retaliatory discharge claim arises under Connecticut's workers' compensation laws for purposes of § 1445(c) [because it] is explicitly created by § 31-290a, a provision of the Workers' Compensation Act." *Id.* at 191. The Court declines to follow this approach in light of the absence of a similar private right of action in the text of the NJWCA and Judge Shipp's thorough and persuasive analysis in *Milko*.

The Court concludes that defendant's removal was proper. As a result, the Court declines to recommend an award to plaintiff of costs or expenses incurred as a result thereof.

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's Motion to Remand be **DENIED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have fourteen days from the date they are served with a copy of this Report

and Recommendation to serve and file specific written objections to the Honorable Madeline Cox Arleo, U.S.D.J.  The telephone conference set for October 30, 2019 at 3:00 p.m. is hereby adjourned, and the Court will enter a separate Order setting a Rule 16 initial scheduling conference in due course.

Dated:        October 18, 2019

_____
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:    Clerk of the Court
     cc:    Hon. Madeline Cox Arleo, U.S.D.J.
            All Parties